WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Ivan Topete,<br><br>    Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>    Defendants. | No. CV-18-03127-PHX-ROS (ESW)<br><br>**ORDER** |

Plaintiff Christian Ivan Topete, who is represented by counsel, brought this civil rights action pursuant to 42 U.S.C.§ 1983 and Arizona state law. Surviving Defendants' Motion to Dismiss (Doc. 26) are (i) Plaintiff's failure to train and supervise claim against Defendants City of Mesa and Batista in Count Two, (ii) Plaintiff's excessive force claim against Defendants Johnson and Sund in Count Three, and (iii) Plaintiff's failure to intervene claim in Count Four (Doc. 39 at 6). Defendants have filed a Motion for Protective Order to prevent the deposition of former Mesa Chief of Police, Defendant Batista, pursuant to Fed. R. Civ. P. 26(c). (Doc. 51). Plaintiff has responded and Defendants have replied (Docs. 56, 58, 61). Counsel certify that they have conferred in good faith to resolve this dispute without court intervention (Doc. 51 at 1). The matter is deemed submitted for decision. For the reasons set forth herein, the Court will grant the Motion.

## I.  DISCUSSION

"Under Rule 26 of the Federal Rules of Civil Procedure, a plaintiff may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1)." *Laub v. Horbaczewski,* 331 F.R.D. 516, 521 (C.D. Cal. 2019). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Productions,* 406 F. 3d 625, 635 (9th Cir. 2005) (superseded by statute on other grounds). However, a plaintiff's right to discover relevant information is not without limits. *K.C.R. v. County of Los Angeles*, No. CV 13-3806 PSG SSX , 2014 WL 3434257, at *2 (C.D. Cal. July 11, 2014) ("the right to discovery, even plainly relevant discovery, is not limitless").

Pursuant to Fed. R. Civ. P. 26 (c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the taking of a deposition. Defendants must show good cause for the issuance of a protective order by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Courts have recognized that seeking the deposition of a high-level executive within an organization (an "apex" deposition) creates "a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citing *Celerity, Inc. v. Ultra Clean Holding, Inc.*, C 05–4374MMC(JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007)). Extraordinary circumstances must exist to subject the head of a government agency to a deposition, and such officials "continue to be protected even after leaving office." *K.C.R.*, 2014 WL 3434257 at *3. "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (quoting *Apple Inc.*, 282 F.R.D. at 263). "Even when the apex doctrine is at issue, however, 'the burden remains on the party' seeking to avoid the deposition." *Finisar Corp. v.*

*Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) (also stating that "the party seeking to take the deposition need not prove conclusively that the deponent certainly has unique non-repetitive information; rather, 'where a corporate officer may have any first-hand knowledge of relevant facts, the deposition should be allowed.'"); *see also In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *3 (N.D. Cal. Mar. 6, 2014) ("The court finds that ANA has failed to show good cause as to how specific prejudice or harm will result if no protective order is granted.  Although ANA explains that Shinobe is responsible for running a large organization with thousands of employees, Shinobe's position as CEO of ANA does not automatically shield his deposition.").

That Defendant Batista was a high-ranking official is undisputed.  Plaintiff has not shown extraordinary circumstances warranting the deposition of the former Chief of Police for the Mesa Police Department.  Plaintiff has not credibly shown that Defendant Batista has unique first-hand, non-repetitive knowledge of the material facts at issue in this case.  Witnesses who are familiar with the enactment of policies and procedures and the training of officers relevant to Plaintiff's *Monell* claim exist.  Defendants have made available these Rule 30(b)(6) witnesses for deposition.  Plaintiff has not pursued, much less exhausted, this reasonable, less intrusive discovery method.  Defendants therefore have met their burden for the issuance of a protective order at this time.

## II.   CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Defendants' Motion for Protective Order (Doc. 51) without prejudice.  In the event the Plaintiff takes the deposition of, and/or propounds discovery upon, those involved in the development and implementation of relevant policies **and** Plaintiff makes a showing that he made reasonable efforts to obtain the needed evidence but cannot do so except through the deposition of Defendant Baptista, the Court may consider lifting the protective order at that time.

Dated this 29th day of April, 2020.

Eileen S. Willett
United States Magistrate Judge